**Silence Law Group**
20235 N. Cave Creek Rd. Ste 104 # 460
Phoenix, AZ 85024

**Jeffrey Silence** (029143)
Direct Dial: (602) 932-8358
Email: jeff@silencelaw.com

**Jesse Ritchey** (034650)
Direct Dial: (602) 932-8747
Email: jesse@silencelaw.com

**David Nowakowski**(035068)
Direct Dial: (602) 932-8747
Email: david@silencelaw.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Blake Lynch,<br><br>            Plaintiff,<br><br>v.<br><br>Joseph Shrem, David Moradi,<br>Select Home Warranty, LLC,<br><br>            Defendants. | Case No.  2:25-cv-04481-DJH<br><br>**DEFENDANTS DAVID MORADI AND SELECT HOME WARRANTY, LLC'S MOTION TO VACATE CLERK'S ENTRIES OF DEFAULT, TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, AND TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS; REQUEST FOR HEARING** |

**INTRODUCTION**

Defendants David Moradi ("Moradi") and Select Home Warranty, LLC ("Select Home") (collectively, "Defendants") respectfully move this Court for an order: (1) vacating the Clerk's entries of default entered at ECF Nos. 8 and 25; (2) dismissing this action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1); and (3) dismissing this action for insufficient service of process under Rules 12(b)(4) and 12(b)(5). In the alternative, Defendants request a hearing pursuant to Rule 55(c).

SILENCE LAW GROUP

This motion is supported by the Magistrate Judge's own Report and Recommendation ("R&R") (ECF No. 17), which recommended ***denying*** Plaintiff's first motion for default judgment and *vacating* the first entry of default—precisely because Plaintiff never properly served Defendants. Rather than cure the service defects identified by the Magistrate Judge, Plaintiff attempted to "serve" Defendants a second time by mail, even though the Magistrate's report warned Plaintiff that service my mail is not proper under the Rules. The Clerk then entered a second default (ECF No. 25), even though the affidavits of service show that service was only done by mail. This Court has never acquired personal jurisdiction over Defendants because the affidavits of service reflect that the Complaint was never properly served. And as set forth below, the Court lacks subject matter jurisdiction.

For these reasons, the Court should vacate both entries of default and either dismiss this case or alternatively order Plaintiff (yet again) to properly serve the Complaint within 30 days.

**FACTUAL AND PROCEDURAL BACKGROUND**

On December 4, 2025, Plaintiff Blake Lynch ("Lynch"), proceeding pro se, filed a Complaint against Defendants Joseph Shrem, David Moradi, and Select Home Warranty, LLC. (ECF No. 1.) The underlying dispute concerns a home warranty contract (Policy No. 851385667) purchased on June 8, 2024, and a denied claim for air conditioning repair. Plaintiff's actual out-of-pocket expenditure was $7,820.00 for a replacement air conditioning unit. (ECF No. 1 at 4, 14.)

Plaintiff asserts diversity jurisdiction under 28 U.S.C. § 1332 and claims to satisfy the amount-in-controversy requirement through a self-generated "invoice" for $100,000.00 and a "Notarial Certificate of Dishonor" purporting to treble that amount to $300,000.00 under the Uniform Commercial Code. (ECF No. 1 at 6–14.)

SILENCE LAW GROUP

On December 4, 2025, Plaintiff purported to serve all Defendants by placing copies of the Complaint and summons in the United States Mail, first-class postage prepaid, addressed to Defendants' business address in Mahwah, New Jersey. (ECF No. 4.) Plaintiff mailed the documents himself.

On January 5, 2026, the Clerk entered default against all Defendants. (ECF No. 8.) On January 8, 2026, Plaintiff filed a motion for default judgment. (ECF No. 11.) The matter was referred to Magistrate Judge Camille D. Bibles. (ECF No. 16.)

On January 26, 2026, Magistrate Judge Bibles issued an R&R recommending that Plaintiff's motion for default judgment be **denied** and that the entry of default at ECF No. 8 be **vacated**. (ECF No. 17 at 6.) The Magistrate Judge found that Plaintiff "failed to serve the Defendants in a manner consistent with Rule 4," that service by mail does not comply with Rule 4(h), that the Complaint "does not state an adequate factual basis for relief," and that neither the Complaint nor the motion established an amount of damages sufficient to invoke diversity jurisdiction. (ECF No. 17 at 4–6.)

The Magistrate Judge further noted that Plaintiff was already on notice that service by mail was improper from two other cases: *Lynch v. American Express*, 2:25-cv-04671, at ECF No. 7 (D. Ariz. Jan. 6, 2026); *Lynch v. Navy Fed. Credit Union*, 2:25-cv-04883, at ECF No. 10 (D. Ariz. Jan. 5, 2026). (ECF No. 17 at 4.)

Undersigned counsel was retained on or about February 5, 2026. Having reviewed the R&R, counsel expected Plaintiff to attempt to properly effect service before the case could proceed. Plaintiff did not do so.

Instead, on January 30, 2026, Plaintiff retained LawServePro to serve Defendants. But LawServePro's "affidavits of service" (ECF Nos. 19–23) are titled "Affidavit of Mailing" and

3

SILENCE LAW GROUP

describe service by "Mail" via "USPS-Certified Mail." Service was again effected exclusively by mail, the very defect the Magistrate Judge had already identified and warned Plaintiff was insufficient under Rule 4.

On February 20, 2026, Plaintiff filed a second application for entry of default. (ECF No. 24.) On February 24, 2026, the Clerk entered a second default against "Joseph Shrem, David Moradi and Select Home Warranty." (ECF No. 25.) On March 4, 2026, Plaintiff filed a second motion for default judgment. (ECF No. 26.)

The District Judge has not yet ruled on the Magistrate Judge's R&R or the Motion for default judgement.

## ARGUMENT

### I. THE CLERK'S ENTRIES OF DEFAULT SHOULD BE VACATED

Under Rule 55(c), "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The standard for setting aside an entry of default is less rigorous than the "excusable neglect" standard for vacating a default judgment. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). The Ninth Circuit considers three factors: "(1) whether [the defendant] engaged in culpable conduct led to the default; (2) whether [the defendant] had a meritorious defense; or (3) whether reopening the default judgment would prejudice the [plaintiff]." *United States v. Signed Personal Check No. 730*, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). Any one of these factors is sufficient to set aside. *Id.*

All three favor Defendants.

### A.    Defendants' Conduct Was Not Culpable

Defendants did not engage in culpable conduct. They were never properly served. The Magistrate Judge herself found that Plaintiff "failed to serve the Defendants in a manner consistent

4

SILENCE LAW GROUP

with Rule 4 of the Federal Rules of Civil Procedure." (ECF No. 17 at 4.) Both rounds of "service" were accomplished exclusively by mail. The first was performed by Plaintiff himself, in violation of Rule 4(c)(2), which requires service to "be effected by someone other than a party to the action." The second, while performed by a process server, was again accomplished solely by mailing, in continuing violation of Rule 4(h).

A defendant cannot be "culpable" for failing to respond to process that was never properly served. *See Ross v. Hartford Underwriters Ins. Co.*, 504 F.3d 1130, 1138–39 (9th Cir. 2007) ("[W]ithout a proper basis for jurisdiction, or in the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property."). This Court has never acquired personal jurisdiction over Defendants.

Moreover, counsel was retained,  reviewed the Magistrate Judge's R&R, and reasonably expected Plaintiff to cure the service defects before the case could proceed. Plaintiff never complied with the Magistrate's R&R.

**B.    Defendants Have Meritorious Defenses**

Defendants possess meritorious defenses to Plaintiff's claims. The warranty agreement contains a mandatory arbitration clause and a limitation-of-liability provision. Plaintiff's fraud claims are conclusory, fail to meet the heightened pleading requirements of Rule 9(b), and the damages are limited to the benefit-of-the-bargain. *See Ulan v. Richtars,* 8 Ariz.App. 351, 359, 446 P.2d 255, 263 (1968) ("A defrauded party is entitled to all out-of-pocket losses[,] ... benefit of his bargain[,] ... and ... all consequential damages." (quoting another source)); Restatement (Second) of Torts § 549(l)(b) (1977) (recipient of fraud entitled to pecuniary loss suffered as consequence of reliance on misrepresentation). The Magistrate Judge found that the Complaint "does not state an adequate factual basis for relief against Defendant Shrem, and arguably does

SILENCE LAW GROUP

not state an adequate factual basis for his claims for relief against Defendants Moradi and Select Home Warranty." (ECF No. 17 at 6.)

A "meritorious defense" for purposes of Rule 55(c) requires only that the proffered defense be "at least [] sufficient allegation[s] of a defense." *TCI Grp.*, 244 F.3d at 700. Defendants satisfy this standard. Defendants can prove at trial they fulfilled their obligations under the contract and did not fraudulently induce Plaintiff into entering the agreement.

### C.    Plaintiff Will Not Be Prejudiced

Vacating the entries of default will not prejudice Plaintiff. This case was filed barely four months ago. Plaintiff has never properly served Defendants. No discovery has occurred. No final judgment has been entered. Plaintiff's actual damages, if any, are $7,820.00. The Ninth Circuit has repeatedly stated that "a case should, whenever possible, be decided on the merits." *Falk*, 739 F.2d at 463. "Mere delay in the proceedings is insufficient to establish prejudice." *TCI Grp.*, 244 F.3d at 701.

### II. THIS COURT LACKS SUBJECT MATTER JURISDICTION

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The burden of establishing federal jurisdiction rests on the party invoking it. *Id.* Subject matter jurisdiction cannot be waived and may be raised at any time. Fed. R. Civ. P. 12(h)(3).

Plaintiff asserts diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction requires both complete diversity of citizenship and an amount in controversy exceeding $75,000. The amount-in-controversy requirement is not satisfied here.

Plaintiff's actual compensatory damages are $7,820.00—the cost of the replacement air conditioning unit. (ECF No. 1 at 14.) Plaintiff inflates this figure through two legally untenable mechanisms.

*First*, Plaintiff claims $100,000.00 based on a self-generated "invoice" and "Notarial Certificate of Dishonor" under Uniform Commercial Code § 3-505 and A.R.S. § 47-3505(B), then trebles that amount to $300,000.00. This theory is legally baseless.

UCC Article 3 governs negotiable instruments, checks, promissory notes, and drafts. *See* U.C.C. § 3-104. A home warranty contract is not a negotiable instrument. A unilateral "invoice" from a plaintiff to a defendant is not a negotiable instrument. Plaintiff's attempt to manufacture diversity jurisdiction by "invoicing" Defendants for $100,000.00 and then claiming entitlement to treble damages under a statute that has no application to this dispute is precisely the kind of artificial jurisdictional inflation that federal courts routinely reject. The Magistrate Judge recognized as much, finding that Plaintiff's "statements, alone, do not meet the requisite standard for establishing he is entitled to the amount of damages he seeks." (ECF No. 17 at 6.)

*Second*, Plaintiff claims punitive damages of $100,000.00. Under Arizona law, punitive damages are not recoverable in an action for breach of contract. *Rawlings v. Apodaca*, 151 Ariz. 149, 162 (1986). Although punitive damages may theoretically be available for independent tort claims, Plaintiff's fraud allegations are entirely conclusory and fail to satisfy Rule 9(b)'s particularity requirement. Moreover, Plaintiff failed to plead any facts sufficient to invoke punitive damages, and thus satisfy the Court's subject matter jurisdictional requirement. *See Hunter Cont. Co. V. Sanner Cont. Co.*, 16 Ariz.App. 239, 245-56 (1972) ("a recovery of punitive damages will not necessarily be allowed merely," but "punitive damages are allowable where the fraud is gross, or where extraordinary facts are present, indicating malice and ill will."); *See also*

SILENCE LAW GROUP

7

SILENCE LAW GROUP

*Dawson v. Withycombe*, 216 Ariz. 84, 112, ¶ 96 (App. 2007). The Magistrate Judge found that the Complaint contains "unsupported conclusory allegations" that the Court "should not accept as true." (ECF No. 17 at 5.) Conclusory and legally deficient claims for punitive damages cannot be counted toward the amount in controversy. *See Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363–64 (9th Cir. 1986) (punitive damages claims may be considered for amount in controversy, but a "legal certainty" test applies where the claim appears inflated).

Stripped of these legally untenable theories, Plaintiff's actual damages fall well below the $75,000 jurisdictional threshold. It appears "to a legal certainty" that Plaintiff cannot recover the jurisdictional amount. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). This Court lacks subject matter jurisdiction and the case should be dismissed under Rule 12(b)(1).

### III. SERVICE OF PROCESS WAS INSUFFICIENT

This Court could also dismiss under Rules 12(b)(4) and 12(b)(5) for insufficient process and insufficient service of process.

Federal Rule of Civil Procedure 4(c)(2) requires that service be made by "any person who is at least 18 years old and not a party." Plaintiff's initial service on December 4, 2025, was performed by Plaintiff himself, in direct violation of this rule. (ECF Nos. 4, 6.)

Rule 4(h) provides that a domestic corporation or LLC must be served by (A) delivering a copy of the summons and complaint to an officer, managing or general agent, or other agent authorized by appointment or by law to receive service, or (B) following state law for serving a summons in the state where the district court is located or where service is made. Service by mail does not satisfy Rule 4(h)(1)(A), and neither Arizona nor New Jersey law permits service of original process on a corporation by mail alone. *See* Ariz. R. Civ. P. 4.1(d) (requiring personal

SILENCE LAW GROUP

delivery to officer or agent); N.J. Ct. R. 4:4-4(a)(6) (requiring personal service on officer, director, or registered agent, or service by registered or certified mail with return receipt).

The Magistrate Judge squarely addressed this issue, holding that "service on an individual or corporate defendant must be effected by someone other than a party to the action, and pursuant to Rule 4(h) service on a corporation may not be made by mail." (ECF No. 17 at 4.) The Court found it had "no power to render any judgment against the Defendants" absent proper service. (*Id.*, citing *Ross*, 504 F.3d at 1138–39.)

Despite this clear admonition, Plaintiff's second attempt at service on January 30, 2026, again employed only mail. The LawServePro affidavits (ECF Nos. 19–23) are expressly titled "Affidavit of Mailing" and describe the manner of service as "Mail." No personal service was ever attempted, much less effected, on either David Moradi or Select Home Warranty, LLC.

Because Defendants were never properly served, this Court has never acquired personal jurisdiction over them. *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) ("neither actual notice . . . nor simply naming the person in the caption of the complaint . . . will subject defendants to personal jurisdiction if service was not made 'substantial compliance with Rule 4.'"). The entries of default and all subsequent proceedings as to Defendants Moradi and Select Home are void.

### IV. THE SECOND CLERK'S ENTRY OF DEFAULT WAS IMPROPER

The Clerk's second entry of default (ECF No. 25) on February 24, 2026, was entered while the Magistrate Judge's R&R, recommending that the *first* entry of default be vacated for defective service, remained pending before the District Judge. The Clerk should not have entered a second default based on a method of service (mail) that the Magistrate Judge had already determined was insufficient. The entry of default at ECF No. 25 should be vacated on this independent basis.

SILENCE LAW GROUP

Moreover, even accepting Plaintiff's own timeline, the second application for entry of default was premature. Plaintiff claims service was effected by mail on January 30, 2026. (ECF No. 24.) But service by mail is not complete upon mailing; it is complete upon receipt. The certified mail return receipts in the record reflect delivery dates of approximately February 4–5, 2026. (ECF Nos. 22–23.) Under Rule 12(a)(1)(A)(i), a defendant has 21 days after being served to respond. Counting from the delivery dates, Defendants' response would not have been due until approximately February 25–26, 2026. Yet Plaintiff filed his application for entry of default on February 20, 2026, several days before the response period had expired. The Clerk's entry of default four days later, on February 24, was therefore premature.

Finally, undersigned counsel was retained on or about February 5, 2026. Counsel reviewed the Magistrate Judge's R&R, which had found service defective and recommended vacating the first default. Counsel reasonably expected Plaintiff to attempt proper service before the case could proceed. Instead, Plaintiff filed for a second entry of default without ever curing the service defect the Magistrate Judge had identified, and before the time to respond to the (invalid) mail service had even elapsed.

## V. REQUEST FOR HEARING

Should the Court not grant the relief requested herein on the papers, Defendants respectfully request a hearing pursuant to Rule 55(c) and LRCiv 7.2(f). Defendants submit that oral argument would assist the Court in resolving the jurisdictional and service-of-process issues raised in this motion.

10

## CONCLUSION

For the foregoing reasons, Defendants David Moradi and Select Home Warranty, LLC respectfully request that this Court:

1. Vacate the Clerk's entries of default at ECF Nos. 8 and 25;

2. Dismiss this action for lack of subject matter jurisdiction under Rule 12(b)(1);

3. Dismiss this action for insufficient service of process under Rules 12(b)(4) and 12(b)(5);

4. Deny Plaintiff's pending Motion for Default Judgment (ECF No. 26); and

5. Grant such other and further relief as the Court deems just and proper.

Alternatively, Defendants request that the Court hold a default damages hearing to determine the actual amount of Plaintiff's provable damages.


DATED this 30th day of March, 2026.

**Silence Law Group**


*/s/ David Nowakowski*
David Nowakowski
Jesse R. Ritchey
Jeffrey Silence

*Attorneys for Plaintiff*

11

**SILENCE LAW GROUP**

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2026, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing. Because Plaintiff is a pro se litigant who is not a registered CM/ECF participant, I further certify that a copy of the foregoing was served on Plaintiff by first-class mail, postage prepaid, addressed to:

Blake Lynch
803 E. Centre Avenue
Buckeye, Arizona 85326

/s/  *David Nowakowski*